LAWRENCE G. TOWNSEND (SBN 88184)
LAW OFFICES OF LAWRENCE G. TOWNSEND
One Concord Center
2300 Clayton Road, Suite 1400
Concord, California 94520
Telephone: 415.882.3290
Facsimile: 415.882.3232
Email: ltownsend@owe.com

DANA LEJUNE *(Pro Hac Vice pending)*
LEJUNE LAW FIRM
1225 North Loop West, Suite 825
Houston, Texas 77007
Telephone: 713.942.9898
Facsimile: 713.942.9899
Email: dlejune@triallawyers.net

Attorneys for Plaintiff
MARS LANDING LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARS LANDING LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>HOMES BY PLATINUM LLC, a California Limited Liability Company; DARREL DANIELSON, an individual, MICHAEL DANIELSON, an individual, and BRIAN T. DIEBOLT dba DESIGN CONCEPTS, an individual,<br><br>Defendants. | Case No. **'25CV0127 GPC MMP**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Mars Landing LLC ("Mars Landing" or "Plaintiff"), for its complaint against Defendants, Homes by Platinum LLC ("Platinum"), Darrel Danielson, Michael Danielson, and Brian T. Diebolt, dba Design Concepts ("Diebold") (Collectively, "Defendants"), alleges:

**JURISDICTION AND VENUE**

1. Plaintiff's claim for copyright infringement confers original jurisdiction under the copyright laws of the United States, 17 U.S.C. 101 et. seq., and it arises as a declaratory judgment action under 28 U.S.C. §§2201 and 2202.

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338.

3. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c). Defendants are subject to the personal and general jurisdiction of this Court in this judicial district because the contacts of Defendant with this judicial district are substantial, continuous, and systematic, and the infringing acts occurred in this judicial district.

## THE PARTIES

1. Plaintiff Mars Landing LLC is a limited liability company, organized under the laws of the State of California, with its offices located in this judicial district, engaged in the business of designing, constructing, and selling residential homes.

2. Homes by Platinum LLC is a limited liability company organized and existing under the laws of the State of California with its offices located in this judicial district, engaged in the business of designing, constructing, and selling residential homes, including the homes using the infringing drawings the subject of this complaint.

3. Plaintiff is informed and believes, and therefore alleges, that Defendants Darrel Danielson and Michael Danielson are individuals and principals of Defendant, Homes by Platinum LLC, and that they reside in this judicial district.

4. Plaintiff is informed and believes, and therefore alleges, that Defendant Brian T. Diebolt is an individual residing in this judicial district, doing business as Design Concepts, and created the infringing drawings.

## INTRODUCTORY FACTS

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DECLARATORY JUDGMENT      2

|   |   |
|---|---|
| 1 | 5. Plaintiff is the assignee, including the right to sue for past infringement(s), and owner of the copyright in the architectural drawings for a home located at 57132 Moffit Lane in Yucca Valley, California ("Architectural Work"). |

5. Plaintiff is the assignee, including the right to sue for past infringement(s), and owner of the copyright in the architectural drawings for a home located at 57132 Moffit Lane in Yucca Valley, California ("Architectural Work").

6. Attached hereto as **Exhibit 1** is a true and correct copy of the certificate of registration for the copyright in and to the Architectural Work, namely, U.S. Copyright Registration No. VAu001529794, effective July 11, 2024. At all relevant times hereto, Plaintiff has and continues to be the sole owner of all rights, titles, and interests in and to the said certificate of registration and to the Architectural Work. Plaintiff's copyright in the above-described Work is presently valid and subsisting, was valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

7. Plaintiff is informed and believes and therefore alleges that all times relevant hereto, each of the Defendants, named or to be named, was an agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter ego and/or employee of the remaining Defendants, and each was at all times acting within the scope of such agency, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employer/employee relationship, and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby. Alternatively, Plaintiff is informed and believes and therefore alleges that the named Defendants, and those to be named, had the right and/or ability to direct that Plaintiff's protected work not be infringed, and/or to stop the infringing activities once they began. Having said rights and abilities, said Defendants benefited directly or indirectly from the infringing activities. Therefore, said Defendants are vicariously liable for all infringements of the Architectural Work.

8. Within three (3) years of filing suit, Plaintiff first discovered that one

or more of the Defendants, or someone at their direction, infringed its copyright by reproducing, displaying, creating derivative works, distributing, and/or publishing (or directing others to do so) the Architectural Work and constructing no fewer than three (3) three-dimensional copies of said Architectural Work in Yucca Valley, California, all relatively near the first home built by Plaintiff using this design.

## CAUSES OF ACTION

## COUNT I – COPYRIGHT INFRINGEMENT

### (Against All Defendants)

9. Plaintiff re-alleges and incorporates paragraphs 1 – 8 above as if recited verbatim.

10. Defendants, who were granted access by Plaintiff to the Architectural Work for the sole purpose of building one house at the Moffitt Lane Property for Plaintiff have infringed Plaintiff's copyrights in and to the Architectural Work by reproducing, creating derivative works, distributing, publishing and/or otherwise using, unauthorized copies of said Architectural Work within the United States in violation of Title 17.

11. Upon information and belief, Defendants have benefitted from infringements of the Architectural Work, including the realization of profits from the construction and sale of as many as three (3) three-dimensional copies of the infringing drawings, while Plaintiff has sustained damages; therefore, Plaintiff is entitled to and herein seeks injunctive relief, damages, (including disgorgement of Defendants' profits attributable to their infringements), lodestar costs, and other relief set forth in Title 17.

## COUNT II – DECLARATORY JUDGMENT

### AGAINST Defendant, PLATINUM

12. Plaintiff re-alleges and incorporates paragraphs 1 – 11 above as if recited verbatim.

13. An actual controversy exists by way of the dispute between Plaintiff and Defendants concerning whether Defendants were granted a license to use the Architectural Work *other than* for building the one (1) home on Moffit Lane in Yucca Valley (the "Property").

14. Upon putting Defendants on notice of Plaintiff's infringement claim in July 2024, Defendants, through their counsel, advised Plaintiff that a defense it asserted was that Defendants were granted a license to reproduce, distribute, create derivative works from, and build homes from the Architectural Works other than the Property, provided such new homes were located outside of Yucca Valley, California.

15. Plaintiff asserts that no such license was granted to Platinum. Plaintiff and Platinum entered into a Property Sales Agreement ("PSA") on or about October 13, 2020 wherein the home on the Property was constructed and sold to Plaintiff. The PSA granted Homes by Platinum the right to use the Architectural Work but only in connection with constructing the home on the Property. Defendants were only granted the right, per the PSA, to use "the detailed floorplans and exterior design provided by Buyer to Seller on 8/25/2020 and 8/31/2020. Buyer to pay difference of cost of building plans over $3200 in purchase price." The PSA also contains a broad integration clause, stating among other things: "All understandings between the Parties are incorporated in this Agreement." Thus, there could be no other understanding between the parties concerning a license granted to Defendants to use the Architectural Work other than for the Property in Yucca Valley.

16. Plaintiff requests declaratory judgment that no license was granted to Platinum to do anything except to construct the Architectural Work once at the Property in Yucca Valley.

### RELIEF REQUESTED

1. Plaintiff demands an accounting of Defendants' activities in connection with their infringements of its copyright in and to the Architectural Work, as well as disgorgement of all profits attributable to the infringing activities, and disgorgement

of all other benefits realized by Defendants through their infringing activities. In addition to Defendants' profits, Plaintiff is also entitled to recover and therefore seeks the recovery of its actual damages.

2. That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Plaintiff's copyright in the Architectural Work;

3. For an order declaring that Plaintiff granted no license to Defendants to use the Architectural Work, other than for construction of the Property in Yucca Valley, including for properties outside of Yucca Valley.

4. That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all copies of the Architectural Work, as well as all derivatives of it, which infringe Plaintiff's copyrights; including but not limited to all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession, constructive possession (requiring a "claw-back"), and/or under the direct or indirect control of any of the Defendants;

5. That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the unlawful acts of copyright infringement above-described;

6. That Defendants be ordered to pay over to Plaintiff its actual damages sustained, in addition to all profits attributable to the infringements, and which are not taken into account in computing Plaintiff's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

7. That Plaintiff be awarded its attorneys' fees and costs, pursuant to paragraph 25 of the PSA since this action arises out of the PSA, as set forth above; *and*

8. That Plaintiff recover judgment for such other and further relief as this court

deems just and proper, including maximum pre and post judgment interest on all sums awarded by a jury or by this Honorable Court.

Dated: January 21, 2025        LAW OFFICES OF LAWRENCE G. TOWNSEND

                                       *s/Lawrence G. Townsend*
                                       Lawrence G. Townsend
                                       Attorney for Plaintiff
                                       MARS LANDING LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial for all claims as provided for in Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 21, 2025        LAW OFFICES OF LAWRENCE G. TOWNSEND

                                       *s/Lawrence G. Townsend*
                                       Lawrence G. Townsend
                                       Attorney for Plaintiff
                                       MARS LANDING LLC

EXHIBIT 1

EXHIBIT 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

**VAu 1-529-794**

**Effective Date of Registration:**
July 10, 2024
**Registration Decision Date:**
July 11, 2024

---

## Title

    **Title of Work:** Moffitt Lane Drawings

## Completion/Publication

    **Year of Completion:** 2020

## Author

-     **Author:** Lee Michael Gilroy
    **Author Created:** architectural work
    **Work made for hire:** No
    **Citizen of:** United States
    **Year Born:** 1976

## Copyright Claimant

    **Copyright Claimant:** Mars Landing LLC
    16356 Winecreek Rd, San Diego, CA, 92127, United States
    **Transfer statement:** By written agreement

## Certification

    **Name:** Lawrence G Townsend
    **Date:** July 10, 2024

---

    **Correspondence:** Yes